Joe Lee GORDON, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.
No. A–12444.

Criminal Court of Appeals of Oklahoma.
May 15, 1957.

824

George W. Gay, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

 This is an appeal by Joe Lee Gordon from a judgment and sentence arising out of a plea of guilty on a charge of armed robbery, and sentenced thereon to a term of 10 years in the state penitentiary. The defendant registers no complaint except the severity of the punishment and contends the sentence rendered by the trial judge constituted excessive punishment. He does not deny his guilt but voluntarily admitted his guilt to the arresting officers and the trial judge in open court. The record shows that the defendant, within a very short period of time on the night of November 24, 1956, in Oklahoma City, attempted to rob three different persons at gun point, using a .32 caliber revolver—the

first of which was the Union Bus Station and because of evident fright, ran off before the act was completed. His second attempt was staged at the Warner theatre which was also similarly unsuccessful. He was successful in his third attempt by drawing the pistol on the cashier of the State theatre and taking $98 and absconding from the scene. He was later apprehended at a colored beer tavern by Oklahoma City officers while they were making a rountine check. The defendant was armed with the pistol and voluntarily confessed and related to them his escapades in connection with the unlawful acts heretofore stated. The only justification for his venture of crime as proclaimed by the defendant was "that he was just on a drunken spree and wanted more money to drink on." In considering the facts in this case, the court is fully cognizant of the gravity of this type of crime. It was so recognized by the legislature in the enactment of the statute to govern same when they designated the punishment to be given such an offender, by providing that those convicted of armed robbery must suffer punishment from a minimum of 5 years imprisonment at hard labor to a maximum of death in the electric chair. The court notes from the record that many people, by way of petitions and affidavits, vouched for defendant's previous good reputation and I am sure the learned trial judge took these into consideration. At the same time his FBI record relates numerous brushes with the law including such offenses as assault with a dangerous weapon, cutting scrapes, loitering in a disorderly house, assault and battery, assault, fighting and AWOL from the U. S. Army, and an undesirable discharge in January, 1949. These matters were evidently highly persuasive with the trial court and he was thoroughly justified in placing importance thereon. There can be but little question that this court would be perverting justice to modify a judgment and sentence of the trial court unless it was clearly shown that the punishment was either excessive or of a cruel and unusual nature sufficient to con-

stitute a miscarriage of justice. The trial judge was in a much better position to determine the punishment than this court as the defendant was before him. The defendant in the instant case certainly portrayed determination in committing a crime on the night he set out to rob. After his first attempt failed, he did not abandon persistence but attempted another. After this failed, instead of ceasing his unlawful spree, he attempted and executed that which he evidently started out to do, the crime of robbery with firearms. We cannot feel that this court would be justified in modifying the sentence, especially in view of the punishment which could be rendered ranging from 5 years to death. The judgment and sentence of the trial court is hereby affirmed.

BRETT, P. J., and POWELL, J., concur.